[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as a presentment of an attorney for misconduct not occurring in the actual presence of the court, involving her character, integrity and professional standing. In the presentment dated March 20, 2001, the following facts were admitted by the respondent Barbara Shea and are found to be true.
1. On or about December 12, 1985, Barbara S. Shea [hereinafter "the Respondent"], juris #304008, was duly admitted as a member of the Bar of the State of Connecticut.
2. On or about March 20, 1997, in Appel v. Shea, Grievance Complaint #95-0162, the Statewide Grievance Committee reprimanded the Respondent for violating Rules 1.2, 1.5 and 1.16 of the Rules of Professional Conduct, and ordered the Respondent to make restitution in the amount of three thousand seven hundred and fifty dollars ($3,750.00).
3. In Brown v. Brown, FA 99 0172003 the Respondent represented Yvonne Brown, the defendant in a dissolution of marriage action, and entered into an retainer agreement, Exhibit #1, which did not mention personal property, its value or the terms or conditions of an escrow.
4. Robert Brown retained Attorney Gaetano Ferro of New Canaan, Connecticut to represent him in the aforesaid dissolution of marriage action.
5. On or about September 29, 1999, the Respondent sold some of the Brown's personal property including a dessert service.
6. The Respondent applied the proceeds of the sale to her legal fees.
7. The Respondent notified her client by letter dated October 1, 1999, that she would be filing a motion to withdraw.
8. On or about November 2, 1999, Attorney Peter L. Truebner of Stamford, Connecticut filed an appearance for the client in lieu of the CT Page 13857 Respondent.
9. The Respondent returned certain documents and items of personal property of the Browns.
10. The Respondent did not return other documents and/or property of the Browns.
11. On September 22, 2000, a reviewing committee of the Statewide Grievance Committee decided in Ferro v. Shea, Grievance Complaint #99-0489, as a result of the foregoing, to file a presentment against Barbara S. Shea in Superior Court, pursuant to Connecticut Practice Book § 2-47(a), for the imposition of whatever discipline the Court deems appropriate.
After a hearing this court finds the following facts to have been proven by clear and convincing evidence.
1. The Respondent and Yvonne P. Brown entered into a retainer agreement which is dated March 12, 1999 but was purportedly signed by Yvonne Brown on March 8th. The date of the agreement is uncertain to the court, but it is clear that both the Respondent and the client agree that this was the retainer agreement. The relevant part of the retainer agreement, Statewide Exhibit #1, is Paragraph 4 which provides as follows:
 (4) At the time of my initial retention, you will pay a refundable retainer fee of fifteen thousand dollars ($15,000.00), and personal items to be held in escrow. Additionally, you will pay twenty-five thousand dollars ($25,000.00) for legal costs. When the balance in your retainer account approaches zero, we will request, if necessary, additional retainers of five thousand dollars ($5,000.00) to replenish this account. If this matter is concluded or my representation terminated before the total fees for services, disbursements, and expenses exceed the amount of the retainer, the unused portion will be returned to you, after a final calculation of fees incurred through the date that the file has been returned to you.
2. It is clear to this court that the personal items were to be held in escrow. In no way did this agreement provide for a sale without approval. It is clear that the Respondent sold, without approval, all of the items set forth in Exhibit #3. CT Page 13858
3. It is clear from the testimony of Yvonne Brown that she gave the property to Barbara Shea to keep it in escrow in "neutral territory" for safe keeping. The property was never given to Barbara Shea outright and was given only to be held. Yvonne Brown claimed that these are the things "I treasure" and "want to see again" when she dropped them off.
4. At the time Barbara Shea sold the items, she had already been paid $50,000.00 in legal fees against a claim for over $82,000.00.
5. Although there is dispute as to value, the court finds that the Faberge dessert set sold for $6,000.00.
6. $6,000.00 was substantially below market value. Robert Brown testified that he paid $52,000.00 for it in October of 1999, and that it had a $65,000.00 value at the time of the sale.
7. The Faberge flatware and the other items of personal property set forth in Exhibit #3 sold for a total of $25,000.00.
8. Plaintiff's Exhibits #8 and 8a were stipulations by the Respondent that her client would comply with the amended request for production and inspection dated July 8, 1999 before July 30, 1999.
9. in said amended request certain items were to be produced but when the Respondent sold the dessert service and the other items of personal property itemized in Exhibit #3, on or about September 29, 1999, for approximately $25,000.00, she failed to comply with the stipulation of production since it was no longer in her hands to produce.
By failing to comply with the court order, after stipulating the she would comply with the amended request for production and inspection of records (Plaintiff's Exhibit #8 and 8a), the Respondent engaged in conduct constituting a violation of Rule 3.4 of the Rules of Professional Conduct.
By accepting personal property from her client, after indicating in her retainer agreement that it was to be held in "escrow" and, thereafter, selling the property, the Respondent violated Rule 1.8 and Rule 1.15 of the Rules of Professional Conduct.
Rule 1.8 of the Rules of Professional Conduct provides that "[a] lawyer shall not enter into a business transaction . . . with a client . . . or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client. . . ." unless certain circumstances are met. In essence, the terms and the transaction must be fair and fully disclosed. In this case the word escrow in the retainer agreement is CT Page 13859 clearly not defined. A reasonable person can assume it did not mean sale. The drafter of an agreement has the agreement interpreted against him/her. In this case, the Respondent admitted the retainer agreement was inartful. In addition, the client should have been advised, in writing, of an opportunity to seek the advice of an independent counsel, and the client has to consent in writing to an agreement to sell the items. Rule 1.8 was clearly violated.
By selling the personal property after stipulating to comply with the amended request for production and inspection of records (Plaintiff's Exhibit #8 and 8a), which included the dessert service, the Respondent engaged in violation of Rule 1.15 of the Rules of Professional Conduct.
Although the parties to the divorce action and the attorneys dispute the affect of the order as to whether the property was to be returned or produced, it is clear that the Respondent did not comply with the production requirement and is in violation of a court order and therefore is guilty of misconduct.
The court finds that the Respondent, by her actions, has engaged in ethical misconduct in violation of Rules 1.8, 1.15 and 3.4 of the Rules of Professional Conduct.
A court disciplining an attorney does so not to punish the attorney, but does so to safeguard the administration of justice and to protect the public from misconduct or unfitness of those who are members of the legal profession. The court is entitled to take into consideration the American Bar Association's standards for imposing sanctions on lawyers, in particular, Section 9.22 regarding aggravating factors. In this case, the court finds the following aggravating factors pursuant to Section 9.22: (a) the Respondent's prior disciplinary offense set forth in this memorandum of decision; (b) the selfish motive behind the sale of the property and: (c) Attorney Shea has been a member of the bar in excess of 15 years.
Accordingly, the court suspends Barbara S. Shea for four months effective October 30, 2001 until February 28, 2002. However, reinstatement shall not be automatic. The Respondent shall take and pass the professional responsibility part of the Bar Exam as a condition precedent to reinstatement.
As to the Respondent's request for affirmative relief dated April 22nd, the relief sought in Paragraphs 2, 3, 4, and 5 are not available in a presentment. Paragraphs 1 and 6 are denied as the Respondent has failed to establish her burden of proof. CT Page 13860
Attorney Alan M. Doran of 700 Canal Street, Stamford, Connecticut 06902 is appointed pursuant to Practice Book § 2-64 to inventory the files of the suspended attorney and to take such action as seems indicated to protect the interest of t e attorney's clients.
So Ordered.
KARAZIN, J.